UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DERRICK GARY,

    Plaintiff,

v.

MICHELLE P. THOM et al.,

    Defendants.

Civil No. 10-1021 (NLH)

**ORDER**

IT APPEARING THAT:

1. Plaintiff submitted his civil complaint for filing on March 1, 2010. See Docket Entry No. 1. The complaint arrived accompanied by a duly executed in forma pauperis application. See id. The complaint named, as the sole Defendant in this matter, nurse Michelle Thom.

2. On March 11, 2010, this Court issued an order granting Plaintiff's application to proceed in this matter in forma pauperis and directing service on Defendant Thom. See Docket Entry No. 2.

3. On April 6, 2010, Defendant Thom was duly served. See Docket Entry No. 4. However, as of the date of this Order, no responsive pleadings were filed with the Court and, the Court presumes, Plaintiff has not been served with responsive pleadings. See generally, Docket.

4. On April 14, 2010, Plaintiff submitted an amended complaint. See Docket Entry No. 5. The amended complaint named, as Defendants additional to Defendant Thom, two more medical practitioners operating, allegedly, at Plaintiff's place of confinement, namely, nurse Diane Hellenbeck and Dr. Shan. See id. at 6. Plaintiff asserted that these two

       Defendants directly participated in the alleged wrongs suffered by Plaintiff.  <u>See</u> <u>id.</u> Moreover, the amended complaint named three other persons as Defendants, namely, supervisor Kate Richmond, warden Charles Albino and "T. Lanigain," an officer of the New Jersey Department of Corrections.  <u>See</u> <u>id.</u>  In no ambiguous terms, the amended complaint indicates that Plaintiff named these three individuals as Defendants solely in their capacity as supervisors.

5.     Rule 15(a) provides that a party may amend its pleading once as a matter of course before being served with a responsive pleading.  <u>See</u> Fed. R. Civ. P. 15(a)(1)(A).  Therefore, Plaintiff's instant amendment of his original complaint may be executed as of right and requires no leave of Court.  Therefore, the Court will direct service of the amended complaint on Defendants, and will extend Defendants' time to file responsive pleadings accordingly.  However, the Court will direct service of the amended complaint only on Defendants Thom, Hellenbeck and Shan, while Plaintiff's challenges against Defendant Richmond, Albino and Lanigain will be dismissed for failure to state a claim upon which relief can be granted, since these challenges raise pure <u>respondeat</u> <u>superior</u> claims.[1]

---

[1] It is well settled that liability under § 1983 may not be based on the doctrine of <u>respondeat</u> <u>superior</u>.  <u>See</u> <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 n. 14 (3d Cir. 1993).  Instead, the plaintiff must show that the official's conduct caused the deprivation of a federally protected right.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985).  More particularly, the plaintiff must allege that the defendant was personally involved in the deprivation.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Personal involvement can be shown if the supervisor directed the actions of supervisees that caused the alleged wrong or actually knew of the actions and acquiesced in them, or actually coined the policies that resulted in the alleged wrong. <u>See</u> <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).  The Supreme Court recently addressed this very issue in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).  The <u>Iqbal</u> Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a <u>respondeat</u> <u>superior</u> theory or on the basis of some general link to allegedly responsible individuals or actions.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1948-49

IT IS on this   30th   day of                April                           , 2010,

ORDERED that Plaintiff's claims against Defendants Richmond, Albino and Lanigain are dismissed; and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the amended complaint (Docket Entry No. 5), summons, and this Order upon Defendants Thom, Shan and Hellenbeck, pursuant to 28 U.S.C. § 1915(d); and it is further

ORDERED that served Defendants shall file and serve a responsive pleadings within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2), having the time calculated from the date of service of Plaintiff's amended -- rather than original -- complaint; and it is finally

---

("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior . . . . [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution. . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); accord, e.g., Richards v. Pennsylvania, 196 Fed. App'x 82, 85 (3d Cir. 2006) (the court, in Section 1983 action alleging excessive force in arrest, agreed with a magistrate judge that plaintiff's "failure to allege personal involvement on the part of defendant [who was the deputy warden] proved fatal to [plaintiff's] claims"); Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" in order to be liable) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)); Johnstone v. United States, 980 F. Supp. 148, 151-52 (E.D. Pa. 1997) (court sua sponte dismissed claims against government official because "there is no indication" that the officer "had any personal involvement in the alleged constitutional deprivations," and plaintiff therefore could not "prove any set of facts that would entitle him to relief against [the officer]").

ORDERED that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular U.S. mail.

   /s/ NOEL L. HILLMAN
**Noel L. Hillman**
**United States District Judge**

At Camden, New Jersey