**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
DERRICK GARY,
     Plaintiff,
          v.                            CIVIL NO. 10-1021(NLH)(AMD)

MICHELLE P. THOM, DR. SHAN,
and DIANE HOLLENBECK,                   MEMORANDUM OPINION & ORDER
     Defendants.
```

**APPEARANCES:**

DERRICK GARY
624953/SBI 975755B
SOUTHERN STATE CORRECTIONAL FACILITY
4295 ROUTE 47
DELMONT, NJ 08314

      Appearing *pro se*

MICHAEL JOHN LUNGA
MICHAEL J LUNGA ESQ LLC
23 VREELAND ROAD
SUITE 250
FLORHAM PARK, NJ 07932

      On behalf of defendants

**HILLMAN**, District Judge

      This matter having come before the Court on the *pro se*
plaintiff's motion for the entry of default judgment pursuant to
Federal Civil Procedure Rule 55 on his complaint against defendants
for claims, brought pursuant to 42 U.S.C. § 1983, that defendants
violated his constitutional rights when they administered a TB test
and by tampering with his medical records; and

      Rule 55 providing that obtaining a default judgment is a two-
step process--first, when a defendant has failed to plead or

otherwise respond, a plaintiff may request the entry of default by
the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after
the Clerk has entered the party's default, a plaintiff may then
obtain a judgment by default by either (1) asking the Clerk to
enter judgment, if the judgment is a sum certain, or (2) applying
to the Court, Fed. R. Civ. P. 55(b); and

Plaintiff having requested the entry of default by the Clerk,
and the Clerk having entered default on June 30, 2010; and

On July 27, 2010, plaintiff having motioned the Court for
default judgment pursuant to Rule 55(b)(2); but

Defendants having entered their appearance on August 18, 2010
by filing a cross-motion to vacate the entry of default because of
plaintiff's failure to properly serve them, and also by filing a
motion to dismiss plaintiff's complaint with prejudice because it
fails to state a cognizable claim under § 1983; and

It appearing, as pointed out by the Court in its June 30, 2010
Order, that plaintiff has not met his burden of demonstrating that
he has properly served the defendants[1] (See Docket No. 12 at 3

---

[1]Sharon Repko, "Regional Nurse Manager" for Southern State
Correctional Facility, is noted on the "Process Receipt and
Return" forms (Form USM-825) as having accepted service; however,
the named defendants are employees of UMDNJ/UCHC and performed
their services at SSCF as contract personnel.  Plaintiff has not
provided any evidence that he properly served the named
defendants in accordance with Fed. R. Civ. P. 4.  It appears,
however, that plaintiff's complaint eventually made its way to
UMDNJ/UCHC, and defendants subsequently obtained counsel, who
made his appearance on their behalf.

n.3); and

The Court recognizing that it is a plaintiff's duty to properly effect service onto a defendant, particularly when that plaintiff moves for default, see Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); and

The Court also recognizing that no default can be entered without a defendant being served properly, see Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside."); and

Moreover, the Court noting that default judgments are disfavored and any doubts concerning whether a default should be vacated "should be resolved in favor of setting aside the default and reaching a decision on the merits," Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983) (citing Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982)); and

The Court further noting that a court may set aside the entry of default for "good cause," Fed. R. Civ. P. 55(c), and that the "decision to set aside the entry of default . . . is left primarily

3

to the discretion of the district court," <u>U.S. v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194 (3d Cir. 1984); and

The Court finding that the Clerk's entry of default must be vacated due to plaintiff's failure to properly effect service onto defendants, and because of defendants' intentions to defend themselves on the merits in this matter; and

The Court further finding that plaintiff's complaint is substantively deficient, in that plaintiff's claims that (1) he was given a TB test, despite plaintiff telling the nurse he had a previous positive reaction to the test, and (2) his medical records had been tampered with, do not state a claim for an Eighth Amendment violation,[2] <u>see</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04 (1976); <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 582 (3d Cir. 2003) (explaining that in order to establish a violation of his Eighth Amendment right to adequate medical care, a plaintiff must show (1) a serious medical need, and (2) acts or omissions by prison officials that indicated deliberate indifference to that

---

[2]In support of their motion to dismiss, defendants have submitted copies of plaintiff's medical records.  They argue that these permanent, unalterable records show that plaintiff cannot sustain his claim for deliberate indifference.  Although the Court may consider those records at the motion to dismiss stage without converting their motion into one for summary judgment because plaintiff relies upon those records in his complaint, <u>see</u> <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993), because the Court is providing plaintiff with one more opportunity to amend his complaint, the Court will not substantively consider the medical records at this time.

need); Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d
326, 346 (3d Cir. 1987) ("[D]eliberate indifference is demonstrated
'[w]hen . . . prison authorities prevent an inmate from receiving
recommended treatment for serious medical needs or deny access to a
physician capable of evaluating the need for such treatment.'");
Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) ("'Deliberate
indifference' is more than mere malpractice or negligence; it is a
state of mind equivalent to reckless disregard of a known risk of
harm."); and

The Court further finding that plaintiff has not articulated
any other constitutional protection that the defendants have
violated by their alleged conduct; but

The Court also recognizing that Third Circuit precedent
"supports the notion that in civil rights cases district courts
must offer amendment--irrespective of whether it is requested--when
dismissing a case for failure to state a claim unless doing so
would be inequitable or futile," Fletcher-Harlee Corp. v. Pote
Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007);

Consequently,

**IT IS HEREBY** on this 21st day of October, 2010

**ORDERED** that plaintiff's motion for default judgment [14] is
**DENIED**; and it is further

**ORDERED** that defendants' cross-motion to vacate the entry of
default [16] is **GRANTED**, and the Clerk of the Court is directed to

5

vacate the June 30, 2010 entry of default; and it is further

    **ORDERED** that defendants' cross-motion to dismiss plaintiff's complaint is **DENIED WITHOUT PREJUDICE**; and it is further

    **ORDERED** that plaintiff shall have 30 days from the date of this Order to file a second-amended complaint[3] to sufficiently state a viable constitutional claim; and it is further

    **ORDERED** that if plaintiff fails to file an second-amended complaint, or if the second-amended complaint fails to state a cognizable claim following the Court's *sua sponte* review or renewed motion by defendants,[4] plaintiff's case shall be dismissed.


                         s/ Noel L. Hillman

At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J

---

    [3]Plaintiff already independently filed an amended complaint, which added new defendants and his claim regarding medical record tampering. (See Docket No. 5.) Because defendants have appeared in the action, plaintiff does not need to formally serve them with his second-amended complaint.

    [4]A "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action." <u>Bryson v. Brand Insulations, Inc.</u>, 621 F.2d 556, 559 (3d Cir. 1980).