IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DERRICK GARY,
    Plaintiff,
     v.

MICHELLE P. THOM, DR. SHAN,
and DIANE HOLLENBECK,
    Defendants.

CIVIL NO. 10-1021(NLH)(AMD)

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

DERRICK GARY
624953/SBI 975755B
SOUTHERN STATE CORRECTIONAL FACILITY
4295 ROUTE 47
DELMONT, NJ 08314

    Appearing *pro se*

MICHAEL JOHN LUNGA
MICHAEL J LUNGA ESQ LLC
23 VREELAND ROAD
SUITE 250
FLORHAM PARK, NJ 07932

    On behalf of defendants

**HILLMAN**, District Judge

    This matter having come before the Court on defendants' motion to dismiss plaintiff's complaint against defendants for claims, brought pursuant to 42 U.S.C. § 1983, that defendants--medical professionals in the prison infirmary--violated his constitutional rights when they administered a TB test and by tampering with his medical records; and

    In considering plaintiff's prior motion for default judgment and defendant's motion to dismiss, the Court having reviewed plaintiff's complaint and found the following:

> [P]laintiff's complaint is substantively deficient, in that plaintiff's claims that (1) he was given a TB test, despite plaintiff telling the nurse he had a previous positive reaction to the test, and (2) his medical records had been tampered with, do not state a claim for an Eighth Amendment violation, see Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (explaining that in order to establish a violation of his Eighth Amendment right to adequate medical care, a plaintiff must show (1) a serious medical need, and (2) acts or omissions by prison officials that indicated deliberate indifference to that need); Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) ("[D]eliberate indifference is demonstrated '[w]hen . . . prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment.'"); Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) ("'Deliberate indifference' is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm."); and . . .
>
> [P]laintiff has not articulated any other constitutional protection that the defendants have violated by their alleged conduct . . . .

(Oct. 21, 2010 Op. at 4-5); but

Despite those deficiencies, the Court having provided plaintiff with the opportunity to amend his complaint in order to state a viable § 1983 claim (Id. at 5); and

Plaintiff having filed an amended complaint; and

Defendants thereafter having renewed their motion to dismiss; and

Upon review of the amended complaint, the Court finding that plaintiff's amended complaint states the same claims as his previous complaint, and it does not cure the deficiencies pointed out by the Court in the prior Opinion and Order; and

The Court further finding that plaintiff's claims, at most, can be construed to sound in negligence or to violate other state law tort principles, and such claims are not sustainable when brought pursuant to § 1983[1];

Consequently,

**IT IS HEREBY** on this 23rd  day of December, 2010

**ORDERED** that defendants' motion to dismiss plaintiff's complaint [23] is **GRANTED;** and it is further

**ORDERED** that the Clerk of the Court shall mark this action as **CLOSED.**

                                             s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J

---

[1] For his original and amended complaints, plaintiff used the form to be used by prisoners in filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983.